IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KEVIN A. WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:21-cv-00119 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| B.L. KANODE, *et al.*, | ) | By:  Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

In this action, *pro se* plaintiff Kevin A. Watson asserts civil rights claims against a correctional officials arising from his incarceration at River North Correctional Center. After the court gave him permission to do so, Watson filed a second amended complaint, and defendants' responses to it are not yet due. In the meantime, Watson has filed a motion for appointment of counsel and a motion for class certification, (ECF Nos. 42, 43), pending before the court and addressed herein.

Addressing Watson's request for counsel first, the court cannot require an attorney to represent an indigent civil plaintiff. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989). Instead, the court may only request that an attorney represent an indigent plaintiff when "exceptional circumstances" exist. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Exceptional circumstances depend on the type and complexity of the case and the ability of the plaintiff to present it. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard*, 490 U.S. at 309. If those factors suggest to the court that a "pro se litigant has a colorable claim but lacks the capacity to present it, the district court

should appoint counsel to assist him." *Id.*; s*ee also Henderson v. Ghosh*, 755 F.3d 559, 564–65 (7th Cir. 2014) (noting that a court deciding whether to recruit counsel for an indigent civil plaintiff should ask "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?").

Watson points to four circumstances that he contends require the appointment of counsel: (1) he is unable to afford counsel; (2) he has a limited knowledge of the law; (3) the issues involved in the case are "complex"; and (4) "[m]ost of the plaintiffs" are segregated inmates with extremely limited access to a law library and are suffering from severe mental illness. The court concludes that none of these establish exceptional circumstances warranting appointment of counsel.

The first two—indigency and a "limited knowledge of the law"—exist in the vast majority of civil cases brought by prisoners and are not "exceptional." As to the third, the court finds that the issues in the case are fairly routine and not complex. In general terms, Watson's second amended complaint contends that he should not have been housed in the same pod with severely mentally ill offenders, and he challenges various conditions of his confinement.

As to his fourth and final justification for the need for counsel, it is unclear whether Watson is alleging that *he* (as opposed to "most of the plaintiffs") has limited access to the law library. Regardless, that circumstance, without more, does not entitle him to counsel. *See Louis v. Martinez*, No. 5:08CV151, 2010 WL 1484302, *1 (N.D. W. Va. Apr. 2, 2010) (finding lack of exceptional circumstances and denying appointment of counsel where inmate-plaintiff was housed in special housing unit, subjected to continuous lock downs, and had restricted access

to the law library and other inmates). Also, Watson is not claiming to be severely mentally ill. Instead, his complaint is that he was housed with severely mentally ill offenders and that he is a "non-mental[ly]-ill offender." (2d Am. Compl. 6, ECF No. 41.) Moreover, Watson has been adequately able to communicate with the court throughout the pending litigation. For all of these reasons, the court concludes that Watson's circumstances are not exceptional so as to warrant appointment of counsel at this time.  The court will deny his motion for counsel without prejudice.

With regard to Watson's request for class certification, a *pro se* plaintiff may not represent other prisoners. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). Thus, Watson's request must be denied. If Watson finds counsel willing to represent him and other inmates in a class action, counsel may enter an appearance in the case. But the case currently consists only of his claims, not anyone else's, and the court concludes that Watson does not require court-appointed counsel to continue to present his case. Moreover, Watson may not bootstrap his request for counsel onto his request that this case be a class action. *Cf., e.g.*, *Brillhart v. Stansberry*, No. 1:08cv686, 2008 WL 10502098, at *1 (E.D. Va. July 18, 2008) (rejecting plaintiffs' attempt to bring their suit as a class action and explaining that they had no right to the appointment of counsel and so "failed to meet the requirements to maintain a class action").

- 4 -

## CONCLUSION

For the foregoing reasons, Watson's motion for counsel (ECF No. 43) and his motion

for class certification (ECF No. 42) are **DENIED**.

The Clerk shall provide a copy of this order to Watson and to counsel for defendants.

**ENTERED** this 22nd day of March, 2022.


*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE