# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| KEVIN A. WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:21-cv-00119 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| B.L. KANODE, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) |         United States District Judge |
| Defendants. | ) | |

Pending before the court is a motion for default judgment from *pro se* plaintiff Kevin A. Watson. (ECF No. 52.) Watson also has filed a request for entry of default. (ECF No. 53.) Both relate only to defendant Haynes and only to "Claim One" of Watson's second amended complaint. Specifically, Watson alleges that Haynes is in default because her timely Answer to the second amended complaint only addresses Claim Two, and does not provide an answer to Claim One of Watson's complaint, which is titled "Class Action Claim." Haynes has filed a response in opposition to the motion. (ECF No. 57.)

As Haynes correctly notes, she is not in default. Default may be entered against a defendant where the party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Haynes, however, has not failed to plead or otherwise defend. She timely filed an answer to the second amended complaint, and that answer specifically "denied each and every allegation not specifically admitted" therein (Answer 4, ECF No. 45.). *See* Fed. R. Civ. P. 8(b)(3) (allowing a party to answer by "generally deny[ing] all except those [allegations] specifically admitted"). The answer included several defenses. Haynes also filed a timely motion for summary judgment, as directed by the court, in which she addressed both claims. Moreover, she

previously filed an Answer to Watson's first amended complaint. In sum, Haynes has responded to Watson's claims at every turn, and she is not in default.

Even if Haynes were in default, the court can enter a default judgment only if the allegations in the complaint are sufficient to establish liability. *See Joe Hand Promotions, Inc. v. Citibars, Inc.*, 2:11cv58, 2012 WL 503212, at *3 (E.D. Va. Feb. 8, 2012) ("[T]he Court must nevertheless determine whether Plaintiff's complaint states a claim upon which relief can be granted.") (citing *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998)). Here, the claim on which Watson seeks default judgment is a "class action" claim. As the court noted in a prior order denying Watson's request for class certification, a *pro se* plaintiff may not represent other prisoners. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). Thus, even if Haynes were in default, Watson is not entitled to a default judgment as to this claim.

## CONCLUSION

For these reasons, Watson's motion for default judgment (ECF No. 52) and his request for entry of default (ECF No. 53) are both **DENIED**.

The clerk is directed to forward a copy of this order to Watson and to counsel for defendants.

**ENTERED** this 3rd day of June, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE