## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| KEVIN A. WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:21-cv-00119 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| B.L. KANODE, *et al.*, | ) | By:    Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Kevin A. Watson, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983. By order entered August 11, 2022, the court dismissed this case after Watson's deadline for responding to defendant D. Haynes's motion for summary judgment had passed and the court did not receive any response from him.[1] (ECF No. 68.)

Pending before the court is Watson's motion to reconsider that dismissal (ECF No. 71), which the court will grant. This Order also addresses Watson's post-dismissal motion to amend (ECF No. 74), which the court will deny without prejudice.

### I. MOTION TO RECONSIDER

The final deadline for Watson to respond to Haynes's motion for summary judgment was set in a July 12, 2022 Minute Order, which granted Watson's second motion for extension of time and gave him 21 days from the entry of the order to file his response.  The docket

---

[1] Watson previously had responded to a motion to dismiss filed by the other defendants, which was ripe and pending at the time of dismissal. (ECF No. 46.)

entry reflects that the response was due by August 5, 2022, giving Watson an additional three days because the order was mailed, in addition to the 21-day period. (ECF No. 67.)

The Clerk received Watson's response on August 18, 2022, approximately one week after the dismissal. One week later, the Clerk received Watson's motion for reconsideration, asking that the court reconsider its order of dismissal.

Watson's summary judgment response is deemed filed as of the date he signed it.  It states that it was given to prison officials for mailing on August 10, 2022. Thus, his response was *not* filed by the deadline.  But Watson states that he did not receive the order until July 21, 2022, nine days after it was entered.  He appears to believe that, because it took nine days for the order to reach him, he is entitled to an additional nine days to file his response.

Watson is incorrect that the time was extended because of the delay in the order's delivery to him.  But he received the order on July 21 and filed a very thorough response, with many attached exhibits, only a few days beyond the deadline.  Given the late delivery of the order, his prompt response both in responding and in seeking reconsideration of the dismissal, and the "strong preference . . . that claims and defenses be disposed of on their merits," *Colleton Prep. Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010), the court will deem Watson's response timely filed, grant his motion to reconsider, and vacate the order dismissing this case. (ECF No. 68.)

## II. MOTION TO AMEND

Approximately two weeks after filing his motion to reconsider, Watson filed a document that the Clerk docketed as a motion to amend. (ECF No. 74.) Upon review of that document, however, it appears that Watson has simply refiled a copy of his Second Amended

Complaint with a more recent date. Although there are slight variations in the complaint form itself, the attached 15 pages (which is where Watson's factual allegations, claims, and requests for relief are all set forth) appear to be identical to his Second Amended Complaint, except that he has changed the dates of signing and mailing. Nowhere does he state that he is seeking to amend, and nowhere has he identified any differences between the current operative complaint—the Second Amended Complaint—and this latest filing. Thus, the motion to amend will be denied without prejudice as unnecessary.  To the extent that Watson sought to amend his second amended complaint, he should file a motion to amend within 14 days, which must explain how his September 2022 submission (ECF No. 74) differs from his current Second Amended Complaint (ECF No. 41).

### III.   CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that Watson's motion to reconsider (ECF No. 71) is **GRANTED**, the court's order of dismissal (ECF No. 68) is **VACATED**, and this case is returned to the active docket of this court. The Clerk is **DIRECTED** to ensure that the two motions pending at the time of dismissal, ECF Nos. 46 and 54, are listed as pending.

It is further **ORDERED** that Watson's motion to amend (ECF No. 74) is **DENIED WITHOUT PREJUDICE**. If Watson seeks to amend his second amended complaint, he should file another motion to amend within 14 days, which should explain how his latest submission differs from the current Second Amended Complaint.

Lastly, Haynes may file any reply to Watson's response (ECF No. 70) within 30 days from the date of this Order, but he is not required to do so.

The Clerk is directed to forward a copy of this Order to the parties.

**ENTERED** this 3rd day of October, 2022.


*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE